UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------x
TADCO CONSTRUCTION CORP.,

                Plaintiff,

   -against-                                      <u>MEMORANDUM AND ORDER</u>
                                                            06 - CV - 4595

PERI FRAMEWORK SYSTEMS, INC.,

                Defendant.

------------------------------------------------x

GLASSER, United States Senior District Judge

## **INTRODUCTION**

Tadco Construction Corp. ("Tadco" or "Plaintiff") commenced an action against PERI Formwork Systems, Inc. ("PERI" or "Defendant") in the Supreme Court of the State of New York, County of Queens via Summons with Notice. PERI timely removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 and Local Civil Rule 81.1 based on diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeding seventy-five thousand dollars, exclusive of interest and costs. Before the Court are Defendant's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(5) on the grounds that this Court lacks personal jurisdiction over Defendant because it was not properly served and Plaintiff's "cross-motion" to oppose removal.

## **JURISDICTION**

Plaintiff Tadco Construction Corporation is a New York corporation

with its principal place of business at 101-61 99th Street, Ozone Park, NY. Defendant PERI Formwork Systems, Inc. is a Maryland corporation with its principal place of business at 7131 Dorsey Run Road, Elkridge, Maryland. The amount in controversy in this matter exceeds seventy-five thousand dollars ($75,000) exclusive of interests and costs. Therefore, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

## BACKGROUND

On August 7, 2006, Tadco filed a summons with notice in the Supreme Court of the State of New York, County of Queens, commencing this action against PERI for breach of contract. Tadco's process server, Les Debel, filed an affidavit of service stating that on August 17, 2006, at approximately 9:15 a.m., he went to 614 Corporate Way, STE.2 in Valley Cottage, NY, an office of PERI, and delivered a copy of the summons with notice to Richard Brown, a PERI salesman. In his affidavit, Mr. Debel indicated that Mr. Brown had stated that he was authorized to accept service on behalf of the corporation. However, Mr. Brown has submitted two affidavits saying that he has no such authority and never indicated otherwise to Mr. Debel.

## DISCUSSION

### I. Cross Motion to Oppose Removal

28 U.S.C. § 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1332 provides that in a civil action, where the plaintiff and defendant are citizens of

different states and the amount in controversy exceeds seventy-five thousand dollars, the district courts have original jurisdiction. Because Tadco and PERI are citizens of different states and the amount in controversy exceeds seventy-five thousand dollars, this Court has original jurisdiction and the timely removal was proper.

If the plaintiff asserts grounds to remand the action back to state court, he must make a motion to do so "within 30 days after the filing of a notice of removal." 28 U.S.C. § 1447(c). Unless the basis for a motion to remand is the district court's lack of subject matter jurisdiction, failure to make a timely motion to remand constitutes a waiver. See id. Once the defendant properly removes pursuant to 28 U.S.C. § 1446, removal is complete and all state proceedings are no longer valid. See 28 U.S.C. § 1446(d) ("Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."). The plaintiff is not given an opportunity to "oppose" removal; the plaintiff's remedy is to file a motion to remand. In this case, Tadco submitted an "Affirmation in Opposition to [Defendant's] Motion to Dismiss and Cross-Motion to Oppose Removal." Since removal was already complete, Tadco's remedy was to make a motion to remand the action back to state court. It has not done so.[1] This Court will disregard Tadco's purported Cross-Motion to Oppose Removal. Jurisdiction is proper pursuant to 28 U.S.C. § 1332, and the

---

[1] Moreover, Tadco has failed to comply with this Court's individual rules regarding the filing of motions; namely, it has failed to submit a notice of cross motion together with a memorandum of law in support of its cross motion. See Individual Rules of Senior Judge I. Leo Glasser IV(B)(1)(b).

Court will entertain PERI's motion to dismiss.

## II. Motion to Dismiss

PERI has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) alleging that Tadco did not properly serve PERI in this action and therefore has not obtained jurisdiction over PERI. As a threshold matter, the Court notes that removal does not waive a personal jurisdiction objection. See Cantor Fitzgerald, L.P. v. Peaslee, 88 F.3d 152, 157 n.4 (2d Cir. 1996) ("Plaintiffs also argue that [Defendant] waived his defense of lack of personal jurisdiction by removing to federal court and commencing discovery on the merits after filing his motion to dismiss. We disagree. Removal does not waive any Rule 12(b) defenses."); Heavy Constr. Lumber, Inc. v. Local 1205, Int'l Bhd. of Teamsters, No. 00-6659, 2001 WL 477229, at *4 (E.D.N.Y. Feb. 12, 2001) ("[T]he filing of a removal does not itself waive the jurisdictional defect.").

Fed. R. Civ. P. 12(b)(5) allows a defendant who has not been properly served to file a motion to dismiss for "insufficiency of service of process." Id. Pursuant to Fed. R. Civ. P. 4(h)(1), service upon a corporation may be effected:

> in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

Id. Fed. R. Civ. P. 4(e)(1) provides that service may be effected "pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State." Id.

New York law provides that "personal service upon a corporation . . . shall be made by delivering the summons as follows . . . upon any domestic or foreign corporation, to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." N.Y. C.P.L.R. § 311 (a)(1) (McKinney 1999).

New York courts have construed § 311 broadly.  See, e.g., Martin v. Archway Inn, 164 A.D.2d 843, 844-45, 559 N.Y.S.2d 731, 732 (App. Div. 1990) (finding service was proper where the process server testified that the recipient was in charge of the defendant's bar and represented herself as a manger and the recipient never contradicted the process server's testimony because although the recipient "did not hold one of the positions specifically enumerated in  CPLR 311 (1), [t]he statute [ ] should not be read in a narrow and overly technical manner . . . [T]he process server cannot be expected to know the corporation's internal practices. Reliance may be based on the corporate employees to identify the proper person to accept service.") (citation omitted); McBride v. County of Schenectady, 110 A.D.2d 1000, 1001-02, 488 N.Y.S.2d 288, 290 (App. Div. 1985) (finding service proper where the recipient "received process on behalf of [the defendant] at [the defendant's] office in the City of Schenectady. [The recipient] had in fact been an employee of [the defendant], which was regularly doing business within this State. [The defendant] had provided [the recipient] with the apparent authority to be in its Schenectady office at the time of service and service was made on [the recipient] after proper inquiry as to his capacity and according to [his] direction. Thus, it cannot now be claimed by [the defendant] that [the recipient] was unauthorized to receive it because his employment had been terminated.").

In <u>McDonald v. Ames Supply Co.</u>, 238 N.E.2d 726, 728 (N.Y. 1968), the Court of Appeals held that service may be proper where: (1) the process server acted with "due diligence" in attempting to satisfy the statutory requirements; (2) the process server served an employee who is in fact not authorized to accept service; and (3) the employee then re-delivered the papers to someone who is authorized to accept service. However, the court held that the re-delivery must be "so close both in time and space that it can be classified as a part of the same act." <u>Id.</u>

In <u>Fashion Page, Ltd. v. Zurich Insurance Co.</u>, 406 N.E.2d 747 (N.Y. 1980), the New York Court of Appeals noted that "[t]he trend has been to enlarge rather than diminish the list of those who may accept process on behalf of the corporation." <u>Fashion Page</u>, 406 N.E.2d at 750. The Court of Appeals indicated that "[t]he purpose of CPLR 311 (subd 1) is to give the corporation notice of the commencement of the suit," <u>id.</u>, and that while "[d]elivery of the summons to the officials or employees designated by the Legislature fulfills the statutory aim since their 'positions are such as to lead to a just presumption that notice to them will be notice to the corporation,'" <u>id.</u> at 272 (citation omitted), such a presumption is unnecessary where the corporation itself has chosen an individual to receive service on its behalf, regardless of position or title. <u>See id.</u> Thus, the Court of Appeals held that when a process server acts reasonably in relying on the corporation's employees to determine who has authority to accept service, service is proper when, objectively viewed, it is calculated to give notice to the corporation. <u>See id.</u> at 273 ("[W]hen the corporation is regularly doing business in the State, it generally cannot be heard to complain that the summons was delivered to the wrong person when the process server has gone to its offices, made

6

proper inquiry of the defendant's own employees, and delivered the summons according to their directions."). Thus, service may be sustained where the employee accepting service has apparent authority to do so.

Courts within the Second Circuit have adopted this broadening approach. See, e.g., Melkaz Int'l Inc. v. Flavor Innovation Inc., 167 F.R.D. 634, 642-43 (E.D.N.Y. 1996) (holding service on corporation proper where process server went to corporate defendant's headquarters, identified himself to an employee of corporate defendant and stated that he was there to serve legal papers, and the employee then directed him to another employee who accepted service, even though neither employee was authorized to accept service and neither represented that she was in fact so authorized, because both were obviously corporate defendant employees and the employee re-delivered the summons and complaint to an employee authorized to accept service on the same date); Leo v. Gen. Elec. Co., 111 F.R.D. 407, 414 (E.D.N.Y. 1986) (sustaining service under either the theory of apparent authority or re-delivery where the corporate defendant secretary approached the process server from behind the locked lobby doors and was thus clearly a corporate defendant employee, and it was uncontested that upon receiving process, the secretary immediately re-delivered the papers to the managing agent authorized to receive process).

A determination as to whether service was proper in this case cannot be made without a factually accurate understanding of what transpired when Mr. Brown was served by Tadco's process server. Mr. Brown has submitted two affidavits asserting that he is not authorized to accept service, nor has he ever held himself out to be so authorized and did not inform Tadco's process server that he was in fact so

7

authorized. However, Tadco's process server, Les Debel, filed an affidavit of service stating that he left the papers with "Richard Brown who stated he was authorized to accept on behalf of said corporation." See Affirmation in Opposition to Motion to Dismiss and Cross-Motion to Oppose Removal, Ex. C. Neither PERI or Tadco have submitted any evidence as to when Mr. Brown re-delivered the papers to an authorized agent of PERI's.

Generally, to determine whether service was proper, a hearing is conducted to establish the facts pertaining to the service in question. See Melkaz, 167 F.R.D. at 638 (case referred to the Magistrate Judge to conduct a hearing "for the purpose of resolving the dispute surrounding the service of the summons and complaint."); Leo, 111 F.R.D. at 408 (case referred to Magistrate Judge for a hearing "to determine whether service was proper."); Fabrizio, Radmin, Buskbaum & Co. v. Hendler & Murray, P.C., 216 A.D.2d 520, 628 N.Y.S.2d 584, 585 (App. Div. 1995) (reversing an order by the Supreme Court, Nassau County that struck the defendant's affirmative defense of lack of personal jurisdiction where "[t]here [we]re numerous issues of fact regarding service of process upon the defendants in this case. Thus, the Supreme Court improvidently exercised its discretion by failing to order a hearing to determine whether the plaintiff had obtained personal jurisdiction over all of the defendants.").

However, the decision to have a hearing or refer the case to a Magistrate Judge for a hearing is entirely within the court's discretion. See De Vore v. Osborne, 78 A.D.2d 915, 916, 432 N.Y.S.2d 919, 921 (App. Div. 1980) ("While ordinarily a hearing might be held when affidavits submitted upon a motion are in marked conflict

8

under CPLR 3211 (subd [c]), the question of whether a jurisdictional attack should be considered in a separate hearing in advance of the trial is left to the sound discretion of the trial court.").

This action was commenced in the Supreme Court of the State of New York, County of Queens and was removed to this Court by PERI. 28 U.S.C. § 1448 provides:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

Id. Thus, federal courts have held that where service of process was defective, the plaintiff could re-serve after the defendants had removed to federal court. See, e.g., Weinberg v. Colonial Williamsburg, Inc., 215 F.Supp. 633, 635 (E.D.N.Y. 1963) (Declining to dismiss for ineffective service of process because "in a removed action, if the original service was defective, service of new process under 28 U.S.C. § 1448 may be authorized."); Cowen v. Am. Med. Sys., Inc., 411 F.Supp.2d 717, 720 (E.D.Mich. 2006) ("[A]fter an action is removed, federal law governs, and defects in service can be cured in accordance with federal rules of procedure."). Wright & Miller explain that "Section 1448 indicates a philosophy that removed cases are to be handled substantially as though they had never been in a state court." 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1082 (3d ed. 2002) (citation omitted).

In light of the readily available remedy provided by 28 U.S.C. § 1448, a hearing to determine whether service was proper seems an unnecessary waste of

9

resources. Tadco can serve its complaint upon PERI pursuant to Fed. R. Civ. P. 4(h), thus avoiding the need to determine the validity of the state service.

## **CONCLUSION**

For the foregoing reasons, Tadco's "cross-motion" to oppose removal is disregarded; removal was proper and Tadco did not make a timely motion to remand. PERI's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) is DENIED with leave to renew; 28 U.S.C. § 1448 allows Tadco to cure any possible defect in service by serving PERI pursuant to Fed. R. Civ. P. 4(h), which Tadco should complete within twenty (20) days from the date of this Order. Should Tadco fail to properly serve PERI within that time, PERI may renew its motion to dismiss.

SO ORDERED.

Dated:   Brooklyn, New York
         November 6, 2006

\_\_/s/_____

I. Leo Glasser
United States Senior District Judge

Copies of the foregoing memorandum and order were electronically sent to:

Counsel for the Plaintiff

Robert Tavon, Esq.
Law Office of Robert Tavon
5424 Arlinton Avenue
#h63
Bronx, NY 10471
914-309-9598
Fax: 718-796-0723
Email: rtavon7@aol.com

Counsel for the Defendant

Thomas S. Tripodianos
Welby, Brady & Greenblatt, LLP
11 Martine Avenue
Penthouse
White Plains, NY 10606
914-428-2100
Fax: (914) 428-2172
Email: ttripodianos@wbgllp.com